ROBERT J. JENESON, and HULDAH L. JENESON, Plaintiffs in Error, *v.* GEORGE GARDEN, Defendant in Error.

### ERROR TO WILL.

Money borrowed of a third person and invested in the purchase of land, is not purchase money, within the meaning of our dower law.

THIS bill shows, that on or about March 29, 1856, defendant, Robert J., purchased of Robert and Susan Jeneson, his wife, the premises described, for the sum of about $4,000, and the said Robert J., to make payment for the same to the said Robert Jeneson and Susan Jeneson, his wife, borrowed from the complainant the sum of $1,000, and the said Robert J. did then and there pay the said Robert Jeneson the said sum of $1,000, so borrowed as aforesaid from this complainant, to be used as purchase money, and for no other purpose, and the said Robert J. did also then and there execute and give to this complainant, his promissory note for said sum of $1,000, with ten per cent. interest per annum; and also, at the said time the said Robert J. Jeneson executed and gave a deed of mortgage of the said described premises to the complainant, to secure the payment of the aforesaid purchase money, which said mortgage is attached to and made an exhibit and part of this original bill in this cause.

The defendant, Huldah L., was wife of said defendant, Robert J., at the time of said purchase and contract aforesaid.

" Also, that Robert J. afterwards, about 29th of March, 1857, paid complainant $100 interest, which was due on said note, and gave a new note for the said original sum of $1,000, dated March 27, 1857, at ten per cent. interest per annum. The said last note was given in the place of the said first note, and for the purchase money aforesaid."

" That the only object in giving up the original note and taking the new one, was to show the payment of the said one hundred dollars interest money as set. forth ; and that at the time of the said exchange of notes, the said Robert J. Jeneson expressly agreed that the security (that is, the mortgage) should remain valid and unimpaired, and stand as security for the payment of said note."

" That said note has long since become due and payable, and the same remains due and unpaid," though complainant has requested its payment. No part of it has been paid.

A demurrer to the original bill had been filed, and the complainant took leave to amend after demurrer. A rule was taken to answer this amended bill.

A default was entered for not answering, but the bill was not taken as confessed.

The bill was referred to the master, who took proofs and reported.

It was ordered, adjudged and decreed, that the defendant, Robert J. Jeneson, pay to Fred. H. Bartleson, master in chancery, or his successor in office, 11th April, 1861, the sum of $1,400, with ten per cent. interest thereon, and costs.

And that in failure thereof, the mortgaged premises be sold to pay the same, according to the laws of this State regulating sheriff's sales, by the master in chancery of said court.

And that upon the failure of the said Robert Jeneson, or any subsequent mortgagee or judgment creditor, to redeem the same, as by the laws of this State provided, that the master, or his successor, make to the purchaser, or assignee of the purchaser, his deed in fee simple forever therein ; also

Curtiss *v.* Brown *et al.*

debarring the said Huldah L. Jeneson from the right of dower in the said described premises forever.

GEORGE HERBERT, for Plaintiffs in Error.

SNAPP & BRECKINRIDGE, for Defendant in Error.

CATON, C. J.   This was not purchase money, within the meaning of our dower law.   That means money due the vendor, for land purchased on a credit, and does not mean money borrowed of a third person and invested in the purchase of the land.   When sifted out, this is the only question there is in this case which requires notice.   On the foreclosure of a mortgage, given for such purchase money as this, the decree bars the wife's dower.   The meaning of the statute is so obvious, that it requires no serious argument.

There might be a question whether the order entering the default of the defendants was equivalent to an order taking the bill as confessed, but as that is not again likely to arise in this or another suit, we pass it without consideration.   The decree is reversed, and the suit remanded.

*Decree reversed.*